IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| DALE BISHOP | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv97 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Dale Bishop, an inmate confined at the Bridgeport Correctional Center in Bridgeport, Texas, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice, the Texas Board of Pardons and Paroles, and Brad Livingston, the former Director of the Texas Department of Criminal Justice.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff complains he was denied due process when the defendants added the requirement of participation in the Sex Offender Treatment Program ("SOTP"), added sex offender conditions to his parole, and added the requirement for registration as a sex offender without proving plaintiff was ever convicted of a sex crime and without a court order to do so.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where any defendant resides, if all defendants reside in the State in which the district is located, or the district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, the plaintiff resides in Bridgeport, Texas located in Wise County, Texas which is in the Northern District of Texas. Plaintiff complains of actions taken by the former Director of the Texas Department of Criminal Justice and the Texas Department of Criminal Justice, both located in Huntsville, Walker County, Texas. Additionally, plaintiff complains of actions of the Texas Board of Pardons and Paroles located in Austin, Travis County, Texas. Plaintiff does not state the date on which the requirements were added or where he was confined when the requirements were added.

When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Plaintiff has alleged no basis for venue in the Eastern District of Texas. Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas and Travis County is located in the Austin Division of the United States District Court for the Western District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has considered the circumstances and has determined that the interests of justice would best be served if the complaint was transferred to the district in which it appears the claims arose and two of the three defendants reside. Therefore, this action should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 13th day of October, 2016.

_____
Zack Hawthorn
United States Magistrate Judge